UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTINA L. FARREN; STEVE FARREN, individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.; US BANK AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WAMU MORTAGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY6; JPMORGAN CHASE BANK, N.A.; QUALITY LOAN SERVICE CORPORATION; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No.   2:16-cv-01077-JAM-EFB<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

    Bettina Farren ("Mrs. Farren") and Steve Farren ("Mr. Farren") (collectively "Plaintiffs") applied ex parte for a temporary restraining order ("TRO") (Doc. #13).[1]  As explained below, Plaintiffs are not likely to succeed on the merits of

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  No hearing was scheduled. Although no opposition to this Application was filed by any of the Defendants, the Court is still required to and has considered the merits of this Application.

1

their claims.  Thus, the Court denies Plaintiffs' motion for a TRO.

## I.   FACTUAL ALLEGATIONS

In March 2007, Plaintiffs added Mrs. Farren's brother, Steven Hinrichs, and Mr. Hinrichs' wife to the title of real property located at 2045 Salmon Falls Road in El Dorado Hills, California ("Subject Property"). Declaration of Bettina Farren ("Mrs. Farren Decl.") ¶ 8.  A $1,464,000.00 loan was taken out and secured by the Subject Property. Compl. ¶ 12.  Plaintiffs signed the Deed of Trust. Id. ¶ 16.  But, Plaintiffs did not sign the Adjustable Rate Note (the "Note").  Exh. A to SPS's Request for Judicial Notice (Doc. #9).  Only Mr. and Mrs. Hinrichs signed the Note. Id.

In December 2008, JP Morgan Chase Bank ("Chase") issued a notice of default against the Subject Property. Compl. ¶ 18. In January 2016, Quality Loan Service Corporation ("Quality") became the trustee of the Deed of Trust. Id. ¶ 24.  In March 2016, Quality recorded a Notice of Trustee's Sale for the Subject Property for April 14, 2016. Id. ¶ 25.

On April 8, 2016, Mrs. Farren submitted a complete loan modification application to Defendant Select Portfolio Servicing ("SPS"). Mrs. Farren Decl. ¶ 11.  Mrs. Farren has not received any acknowledgement of the receipt of her application and has not received notice about whether the application has been denied. Id. ¶¶ 11, 12.  Mrs. Farren also made several calls to SPS to discuss modification of the loan. Id. ¶¶ 48-50.  Alison Luna, an SPS representative, told Mrs. Farren that SPS could not postpone the foreclosure sale because Mrs. Farren's name was not

on the Note.  Id. ¶ 50.

On April 14, 2016, Plaintiffs obtained a TRO in El Dorado Superior Court which enjoined Defendants from conducting the trustee's sale of the Subject Property.  Exh. 7 to Request for Judicial Notice (Doc. #3).  On May 19, 2016, Defendant Chase removed the case to federal court (Doc. #1).  The foreclosure sale is now set for July 11, 2016.  Mrs. Farren Decl. ¶ 4.  Plaintiffs submitted a motion for a TRO on July 6, 2016 to enjoin the foreclosure sale scheduled for July 11 (Doc. #13).  Defendants did not file an opposition.

## II.  OPINION

### A.  Legal Standard

Federal Rule of Civil Procedure ("Rule") 65 provides authority to issue either preliminary injunctions or TROs.  A plaintiff seeking a preliminary injunction must demonstrate that he is "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  Am. Trucking Assn's v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).  The requirements for a TRO are the same.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  A party seeking an ex parte TRO must "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney [must] certif[y] in writing any efforts made to

give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Ex parte TROs are appropriate only when necessary to prevent irreparable harm and should be imposed only "so long as is necessary to hold a hearing." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974).

Local Rule 231(b) states that courts "will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity of seeking last-minute relief by motion for temporary restraining order." If the Court finds that the movant unduly delayed in seeking injunctive relief, "the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." Local Rule 231(b).

B.  Analysis

1.  Undue Delay

Defendants removed this case to federal court on May 19, 2016. Plaintiffs did not file their TRO until nearly six weeks later and only five days before the scheduled trustee's sale. Plaintiffs' attorney states that he received notice on June 24, 2016 from defense counsel stating that SPS would not postpone the trustee's sale. Declaration of John Sargetis ¶ 4. Plaintiffs waited almost two weeks to file the application for a TRO. Plaintiffs' counsel's excuse for this delay is that he has "at the same time these past two weeks been working on pre exiting [sic] deadlines on numerous other cases." Id. Plaintiffs' delay in filing the TRO is of concern to the Court. However,

4

1  Plaintiffs' TRO application will not be denied on this ground.
2             2.   Likelihood of Success on the Merits
3       Plaintiffs argue that they are likely to succeed on the
4  merits of their claims on two grounds.  First, Plaintiffs argue
5  they are likely to succeed on their second cause of action for
6  violation of California Civil Code § 2923.6(c).  Points and
7  Authorities in support of Motion for TRO ("Mot. for TRO") at 5.
8  Second, Plaintiffs argue that Defendants are not authorized to
9  conduct foreclosure proceedings.  Id. at 7.
10              a.   Violation of California Civil Code
11                   § 2923.6(c)
12       California Civil Code section 2923.6(c) states "[i]f a
13 borrower submits a complete application for a first lien loan
14 modification offered by, or through, the borrower's mortgage
15 servicer, a mortgage servicer, mortgagee, trustee, beneficiary,
16 or authorized agent shall not . . . conduct a trustee's sale,
17 while the complete first lien loan modification application is
18 pending."  Mrs. Farren states that she submitted a loan
19 modification to SPS on Friday, April 8, 2016.  Mrs. Farren Decl.
20 ¶ 11.
21       The issue here, however, is whether Mrs. Farren is even
22 legally able to obtain a modification on this loan since her
23 signature is not on the Adjustable Rate Note itself.  Plaintiffs
24 argue that they are parties to the loan because they signed the
25 Deed of Trust, even though they do not have documentary proof
26 that they signed the Note.  Mot. for TRO at 6.  Plaintiffs state
27 that "[t]he terms of the subject Deed of Trust were such that
28 plaintiffs signature on that document operated as a ratification

5

of the Note obligation." Id. Plaintiffs cite to two California cases to support their argument: Rakestraw v. Rodrigues, 8 Cal. 3d 67 (1972) and Stegeman v. Vandeventer, 57 Cal. App. 2d 753 (1943). Id. Both cases are inapplicable. Rakestraw concerns ratification of a forged signature, it does not discuss whether a signature on a Deed of Trust indicates that a person is also a party to a promissory note. Rakestraw, 8 Cal. 3d at 73-75. Stegeman concerns whether a wife could be liable for fraud when she was "not a party to any of the fraudulent representations which her husband made to plaintiff" but she "signed the deed conveying the property to plaintiff. Stegeman, 57 Cal. App. 2d at 758-59.

Plaintiffs cite to no other authority indicating that signing a Deed of Trust makes an individual a party to a Note he did not sign. The only people who appear to have signed the Adjustable Rate Note that has been submitted in this case are Mr. and Mrs. Hinrichs. Plaintiffs have not produced a copy of the Note that contains their signatures and absent such proof they are not entitled to modify the loan arrangement. Thus, the Court finds that Plaintiffs are unlikely to succeed on their § 2923.6(c) claim.

      b. Defendants' Authorization to Conduct Foreclosure Sale

Plaintiffs next argue that "conducting of the foreclosure trustee's sale is wrongful as these defendants do not legally own the Note and Deed of Trust as the Assignment to them of these documents are void in violation of law." Mot. for TRO at 7.

Plaintiffs state that they have standing to challenge the

sufficiency of an assignment of a loan. Mot. for TRO at 7-8. Plaintiffs cite to Yvanova v. New Century Mortgage Co., 62 Cal. 4th 919 (2016) and Lundy v. Selene Finance, LP, 2016 WL 1059423 (N.D. Cal. Mar. 17, 2016), both of which held that a third party has standing to challenge the validity of assignment. But, the plaintiffs in neither Yvanova nor Lundy had the problem of not being a signatory on the promissory note which has been assigned. Plaintiffs have a completely different standing problem here than the ones addressed in Yvanova and Lundy. Plaintiffs cannot prove that they are likely to succeed on the merits of their claims because they cannot prove that they are parties to the Note. As discussed above, a TRO is an extraordinary remedy that the Court can only grant if Plaintiffs meet each of the four required elements. Since Plaintiffs are not likely to prevail on the first element, their Application for a TRO is denied and the Court declines to and need not address the remaining elements.

### III. ORDER

Plaintiffs' ex parte application for a temporary restraining order is DENIED.

IT IS SO ORDERED.

Dated: July 8, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7