UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTINA L. FARREN; STEVE FARREN,<br><br>         Plaintiffs,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.; US BANK AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY6; JPMORGAN CHASE BANK, N.A.; QUALITY LOAN SERVICE CORPORATION; and Does 1 through 50, inclusive,<br><br>         Defendants. | No.  2:16-cv-01077-JAM-DB<br><br>**ORDER GRANTING SELECT PORTFOLIO SERVICING, INC. AND US BANK'S MOTION TO DISMISS** |

This matter is before the Court on defendants Select Portfolio Servicing, Inc. and US Bank as Trustee on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY6's (collectively "Defendants") Motion to Dismiss. Bettina L. Farren and Steve Farren ("Plaintiffs") have sued Defendants for various claims connected to the mortgage secured by their residence.  For the reasons explained below, the Court

1

grants Defendants' Motion to Dismiss with leave to amend.[1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following allegations are taken as true for the purposes of this motion:

On March 23, 2007, Plaintiffs executed a Deed of Trust ("DOT") in favor of Washington Mutual Bank, FA, securing a loan of $1,464,000 with their property located at 2045 Salmon Falls Road, El Dorado Hills, CA 95862 ("Property"). First Amended Complaint ("FAC") at ¶¶ 2, 12; see DOT, FAC at Exh. 1. The DOT defined the "Borrower" as "Steven Farren and Bettina L. Farren, husband and wife and Stephen R. Hinrichs and Janine G. Hinrichs, husband and wife by deed which recites 'as to an undivided 50% interest, all as tenants in common[.]'" DOT at 1. Plaintiffs believe that they executed an Adjustable Rate Note ("Note") as a part of the transaction; however, Plaintiffs do not have a copy of the Note they signed. FAC at ¶ 12. Plaintiffs do have a copy of an Adjustable Rate Note signed by Stephen R. Henrichs and Janine G. Henrichs. FAC at Exh. 8. Additionally, Plaintiffs executed a Fixed/Adjustable Rate Rider and a Second Home Rider, which they also have signed copies of and on which Plaintiffs are listed as Borrowers. FAC at ¶ 12; Exh. 2, 3. Plaintiffs allege they executed the Second Home Rider to acknowledge that the Property is a Second Home to the Henrichs. FAC at ¶ 62. Plaintiffs claim that the home was their primary residence. Id.;

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 4, 2016.

1  FAC at ¶ 9.
2      At some point after that transaction, but before December 8,
3  2008, Chase became the successor to Washington Mutual Bank, FA.
4  FAC at ¶ 17.  Then, on December 8, 2008, Chase caused a Notice of
5  Default to be issued against the Property.  FAC at ¶ 18.  On
6  December 9, 2008, Chase assigned the Deed of Trust and Note to
7  LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through
8  Certificates, Series 2007—HY6.  FAC at ¶¶ 19, 32; Exh. 5.  US
9  Bank NA succeeded LaSalle Bank in interest as trustee for the
10 WaMu Mortgage Pass-Through Certificates.  FAC at ¶ 21.  Chase
11 continued to be the servicer of the loan throughout these
12 transfers until, at a date unknown to Plaintiffs, Select
13 Portfolio Servicing, Inc. ("SPS") became the servicer.  Id. at
14 ¶¶ 20, 22.  On January 4, 2016, Quality Loan Service Corporation
15 ("Quality") became the successor trustee of the DOT.  FAC at
16 ¶ 24.  At SPS's direction, Quality issued and caused to be
17 recorded a Notice of Trustee's Sale of the Property on March 18,
18 2016.  FAC at ¶ 25.
19     Plaintiffs originally filed suit in the Superior Court of
20 the State of California for the County of El Dorado on April 12,
21 2016.  Notice of Removal at ¶ 1, ECF No. 1.  Chase removed the
22 case to federal court on May 19, 2016, after which Plaintiffs
23 requested, but were denied, a Temporary Restraining Order to
24 enjoin the foreclosure trustee's sale.  ECF Nos. 1, 13, 16.
25 Plaintiffs submitted their First Amended Complaint, the operative
26 complaint in this proceeding, on July 22, 2016.  ECF No. 17.
27 Motions to Dismiss from Defendants and Chase followed soon after.
28 ECF Nos. 20, 25.

## II. OPINION

Defendants argue that all of Plaintiffs claims must be dismissed because Plaintiffs have no evidence supporting the allegation that they are parties to the underlying Note. Motion to Dismiss ("MTD") at 5. Further—and, as Defendants note, more importantly for a Motion to Dismiss—Defendants argue Plaintiffs have failed to allege any facts supporting a plausible inference that they executed the Note. Id. Plaintiffs argue that their signatures on the Deed of Trust operated as a ratification of the Note obligation, making them parties to the Note as a matter of law. Opp. at 1–2. In the alternative, Plaintiffs allege that they executed an Adjustable Rate Note in the exact same terms and provisions as the Note executed by the Hinrichs. Opp. at 2.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "The [Iqbal/]Twombly plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2nd Cir. 2010); see Fitzgerald v. Bosco Credit LLC, No. 16-cv-01473-MEJ, 2016 WL 5791253 (N.D. Cal. Oct. 4, 2016) (noting that several district courts in the Ninth Circuit have adopted the Second Circuit's standard). The Court is not "required to accept as true allegations that are merely conclusory,

4

unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sci. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

Although Plaintiffs need only allege facts sufficient to state a plausible claim, the FAC fails to do so. Plaintiffs argue that their signatures on the DOT made them parties to the Note by operation of law. FAC at ¶¶ 14-16; Opp. at 1-2. The Court finds Plaintiffs' argument to be without merit. As the Court explained when it denied Plaintiffs' Motion for a Temporary Restraining Order, the cases that Plaintiffs repeatedly rely on for their ratification theory are inapplicable to Plaintiffs' situation. See Order Denying Plaintiffs' Ex Parte Application for Temporary Restraining Order at 5-6, ECF No. 16. Unless Plaintiffs provide some other basis for their theory, it will continue to fail.

The FAC alleges that Plaintiffs signed the Note and that it has been lost. FAC at ¶¶ 119-21. But, in their "General Allegations," Plaintiffs allege "on information and belief they executed [the Note]" for the reasons that they signed the Deed of Trust, executed the Fixed/Adjustable Rate Rider, executed the Second Home Rider, and were sent the Notice of Default and Notice of Trustee's Sale in their name. FAC at ¶ 12. By basing the allegation on "information and belief" Plaintiffs draw a conclusion that the Court itself cannot draw. The Plaintiffs are in the best position to know whether or not they signed the Note and to allege facts based upon that knowledge. For their assertion to be plausible, it must be based on more than an inference that they must have signed the Note because they signed the other documents. As Defendants point out, the Deed of Trust

specifically discusses situations in which one might sign the Security Instrument but not execute the Note. See DOT at ¶ 13. In such a situation, that party is considered a co-signor and is not personally obligated to pay the sums secured by the DOT even though their interest in the Property is conveyed. Id. Thus, Plaintiffs' signatures on the DOT do not necessarily imply they signed the Note. Although Plaintiffs state their allegation more concretely elsewhere in the FAC, see FAC at ¶¶ 70(c), 70(e), 77, and 119, it seems that these assertions flow from Plaintiffs' initial inference that the Court now rejects. Unless Plaintiffs can amend their complaint to plausibly allege that they, in fact, signed the Note, this entire action must fail.

Thus, the Court grants Defendants' Motion to Dismiss with leave to amend. The Court need not and does not reach the arguments concerning each individual claim at this time.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss with leave to amend. If Plaintiffs desire to file a second amended complaint they must do so within twenty days from the date of this Order. Defendants' responsive pleadings are due within twenty days after the filing of the second amended complaint.

Defendants' reply brief exceeds the Court's page limit by four and a quarter pages. See Order Re Filing Requirements, ECF No. 4-2. In accordance with the Order Re Filing Requirements, Defendants are sanctioned in the amount of $200.00 ($50.00 per page). Defendants' counsel is to pay this amount within five

days of the date of this order:

    IT IS SO ORDERED.

    Dated: November 22, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE