UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTINA L. FARREN; STEVE FARREN,<br><br>          Plaintiffs,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.; US BANK AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY6; JPMORGAN CHASE BANK, N.A.; QUALITY LOAN SERVICE CORPORATION; and Does 1 through 50, inclusive,<br><br>          Defendants. | No.   2:16-cv-01077-JAM-DB<br><br>**ORDER GRANTING JPMORGAN CHASE BANK'S MOTION TO DISMISS** |

    This matter is before the court on defendant JPMorgan Chase Bank's ("Chase") Motion to Dismiss Bettina and Steve Farren's ("Plaintiffs") First Amended Complaint with respect to Chase only. For the reasons explained below, the Court grants Defendants Motion to Dismiss with prejudice.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following allegations are taken as true for the purposes of this motion:

On March 23, 2007, Plaintiffs executed a Deed of Trust ("DOT") in favor of Washington Mutual Bank, FA, securing a loan of $1,464,000 with their property located at 2045 Salmon Falls Road, El Dorado Hills, CA 95862 ("Property"). First Amended Complaint ("FAC") at ¶¶ 2, 12; see DOT, FAC at Exh. 1. The DOT defined the "Borrower" as "Steven Farren and Bettina L. Farren, husband and wife and Stephen R. Hinrichs and Janine G. Hinrichs, husband and wife by deed which recites 'as to an undivided 50% interest, all as tenants in common[.]'" DOT at 1. Plaintiffs believe that they executed an Adjustable Rate Note ("Note") as a part of the transaction; however, Plaintiffs do not have a copy of the Note they signed. FAC at ¶ 12. Plaintiffs do have a copy of an Adjustable Rate Note signed by Stephen R. Henrichs and Janine G. Henrichs. FAC at Exh. 8. Additionally, Plaintiffs executed a Fixed/Adjustable Rate Rider and a Second Home Rider, which they also have signed copies of and on which Plaintiffs are listed as Borrowers. FAC at ¶ 12; Exh. 2, 3. Plaintiffs allege they executed the Second Home Rider to acknowledge that the Property is a Second Home to the Henrichs. FAC at ¶ 62. Plaintiffs claim that the home was their primary residence. Id.; FAC at ¶ 9.

At some point after that transaction, but before December 8, 2008, Chase became the successor to Washington Mutual Bank, FA.

---

scheduled for October 4, 2016.

1  FAC at ¶ 17.  Then, on December 8, 2008, Chase caused a Notice of
2  Default to be issued against the Property.  FAC at ¶ 18.  On
3  December 9, 2008, Chase assigned the Deed of Trust and Note to
4  LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through
5  Certificates, Series 2007–HY6.  FAC at ¶¶ 19, 32; Exh. 5.  US
6  Bank NA succeeded LaSalle Bank in interest as trustee for the
7  WaMu Mortgage Pass-Through Certificates.  FAC at ¶ 21.  Chase
8  continued to be the servicer of the loan throughout these
9  transfers until, at a date unknown to Plaintiffs, Select
10 Portfolio Servicing, Inc. ("SPS") became the servicer.  Id. at
11 ¶¶ 20, 22.  On January 4, 2016, Quality Loan Service Corporation
12 ("Quality") became the successor trustee of the DOT.  FAC at
13 ¶ 24.  At SPS's direction, Quality issued and caused to be
14 recorded a Notice of Trustee's Sale of the Property on March 18,
15 2016.  FAC at ¶ 25.

16      Plaintiffs originally filed suit in the Superior Court of
17 the State of California for the County of El Dorado on April 12,
18 2016.  Notice of Removal at ¶ 1, ECF No. 1.  Chase removed the
19 case to federal court on May 19, 2016, after which Plaintiffs
20 requested, but were denied, a Temporary Restraining Order to
21 enjoin the foreclosure trustee's sale.  ECF Nos. 1, 13, 16.
22 Plaintiffs submitted their First Amended Complaint, the operative
23 complaint in this proceeding, on July 22, 2016.  ECF No. 17.
24 Motions to Dismiss from Defendants and Chase followed soon after.
25 ECF Nos. 20, 25.
26 ///
27 ///
28 ///

II.   OPINION

A.   <u>Analysis</u>

This Order addresses the claims only as they pertain to Chase.

   1.   <u>Count 1: Declaratory Relief</u>

Plaintiffs seek declaratory relief to resolve whether the defendants have an enforceable interest in the Property so that Plaintiffs can determine their own rights, duties, and title to the Property. FAC at ¶ 41. Specifically, Plaintiffs challenge the validity of Chase's transfer of the "Subject Loan" (the Note and/or DOT) into a Real Estate Mortgage Investment Conduit ("REMIC") Trust (the WaMu Mortgage Pass-Through Certificates, Series 2007—HY6). FAC at ¶¶ 28-30. Plaintiffs allege that the Assignment of Deed of Trust, which purported to assign all beneficial interest under the DOT and Note to La Salle Bank NA as trustee, was recorded on December 9, 2008, more than 90 days after the May 23, 2007, closing date of the REMIC Trust. FAC at ¶¶ 33-35; FAC Exh. 5. Plaintiffs claim that under New York law this "contravention of the trust" makes the conveyance void. FAC at ¶¶ 35-36. Further, in their Opposition, Plaintiffs argue that because the Internal Revenue Code governs REMIC trusts, the late transfer also violates federal law. Opp. at 4. They claim that they have standing to challenge the defendants' interest in their loan on this basis. FAC at ¶ 44.

A plaintiff can seek declaratory relief from an Article III court under 28 U.S.C. § 2201, the Declaratory Judgment Act. The decision to grant such relief rests in the discretion of the court. <u>Natural Res. Def. Council, Inc. v. U.S. E.P.A.</u>, 966 F.2d

1292, 1299 (9th Cir. 1992).  The court is limited to issuing relief in cases that meet Article III's case or controversy requirement.  Am. States Ins. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994).  Pursuant to this requirement, a plaintiff, first and foremost, must have standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Plaintiffs claim there is an actual controversy between Plaintiffs and each defendant, including Chase, concerning their respective rights and duties to the Property.  FAC at ¶ 34. Chase argues that there is no controversy between Plaintiffs and Chase because Chase has no interest in the Property since it assigned the DOT over to LaSalle Bank NA seven years ago. MTD at 3.  Plaintiffs argue that there is a controversy between themselves and Chase because Chase's action in transferring the DOT and Note to LaSalle are the subject of the challenge to the others defendants' interest in the Property.  Opp. at 1-2.

Plaintiffs filed the FAC in July 2016, before any foreclosure trustee's sale occurred.  In California, "such preemptive suits [are not permitted] because they would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 814 (2016) (quotations marks omitted; citing Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 513 (2013) (disapproved on other grounds)).  Standing might be defeated on this ground alone.  Nevertheless, the Court will consider Plaintiffs' argument concerning the late transfer; Plaintiffs indicate in their Opposition that their home has now been sold and therefore

5

the parties' arguments related to standing in the post-foreclosure context are relevant. See Saterbak, 245 Cal. App. 4th at 814 (finding that a plaintiff lacked standing both because the property had not yet been sold and because the late transfer of the property did not void the transaction).

Whether or not Plaintiffs are correct that something was amiss in the belated transfer, Plaintiffs do not have standing to pursue relief on that basis.  This Court's analysis begins with the California Supreme Court's recent decision in Yvanova v. New Century Mortg. Corp., 62 Cal.4th 919 (2016).  The Yvanova court held that a "borrower has standing to claim that a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void, depriving the foreclosing party of any legitimate authority to order a trustee's sale." Yvanova, 62 Cal.4th at 943.  The court carefully distinguished between void and voidable transactions, and expressed no opinion as to whether, under New York law, an assignment to a securitized trust made after the trust's closing date is void or merely voidable.  Id. at 940–41.

The parties' dispute centers on the question the Yvanova court refrained from answering.  Plaintiffs argue that the plain language of the relevant New York trust law, N.Y. Estates, Powers & Trusts Law § 7-2.4, mandates that a conveyance in contravention of the trust is void.[2]  Opp. at 4.  Plaintiffs ask this Court to

---

[2] Plaintiffs allege that Section 11.04 of the Trust Agreement states that the Trust is governed under the laws of the State of New York.  FAC at ¶ 32.

6

1  adopt the analysis set forth in Glaski v. Bank of Am., N.A., 218
2  Cal. App. 4th 1079 (2013), which gave the law its literal
3  construction. Id.  Chase argues that this Court should instead
4  follow the Second Circuit's decision in Rajamin v. Deutsche Bank
5  Nat'l Trust Co., 757 F.3d 79 (2d Cir. 2014), which held that
6  unauthorized acts by the trustee under a Pooling and Services
7  Agreement are voidable, not void.

8      This Court finds that Rajamin controls.  Although the
9  California Court of Appeal adopted the contrary position in
10 Glaski, Glaski "has been widely rejected."  Hunt v. U.S. Bank
11 N.A., No. 13-556631, 593 Fed. Appx. 730, 731 (9th Cir. 2015).
12 Federal courts in the Ninth Circuit have accepted Rajamin as
13 controlling authority.  See id.; Morgan v. Aurora Loan Services,
14 LCC, No. 14-55203, 646 Fed. Appx. 546, 550 (9th Cir. 2016);
15 Meixner v. Wells Fargo Bank, N.A., No. 2:14-cv-02143, 2016 WL
16 3277262 (E.D. Cal. June 14, 2016).  Further, following Yvanova, a
17 California Appellate Court adopted the Rajamin court's holding,
18 concluding that "an untimely assignment to a securitized trust
19 made after the trust's closing date . . . is merely voidable."
20 Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 815
21 (2016).  The weight of authority clearly favors a finding that a
22 late transfer into the trust renders the trust agreement
23 voidable, not void.

24     Accordingly, Plaintiffs lack standing to challenge the
25 assignment.  "California law does not give a party personal
26 standing to assert rights or interests belonging solely to
27 others."  Yvanova, 62 Cal. 4th at 936.  "When an assignment is
28 merely voidable, the power to ratify or avoid the transaction

7

1  lies solely with the parties to the assignment; the transaction
2  is not void unless and until one of the parties takes steps to
3  make it so." Id.  The interest is not Plaintiffs' to assert. See
4  id.

5       Plaintiffs' argument that Rajamin should not apply to the
6  REMIC Trust because the REMIC Trust is governed by federal law is
7  also unavailing.  Opp. at 4-7.  The Internal Revenue Code—at 26
8  U.S.C. §§ 860A-860O—imposes requirements that REMIC trusts meet
9  certain parameters in order to receive tax benefits.  A REMIC is
10 defined, in part, as any entity "as of the close of the 3rd month
11 beginning after the startup day and at all times thereafter,
12 substantially all of the assets of which consist of qualified
13 mortgages and permitted investments." 26 U.S.C. § 860D.  A
14 "qualified mortgage"—as relevant here—is a mortgage transferred
15 to the REMIC on the startup day or purchased by the REMIC within
16 the 3-month period beginning on the startup day.  26 U.S.C. §
17 860G.  Nonconformance with these parameters may lead to
18 disqualification from tax benefits, but, contrary to Plaintiffs'
19 position, nothing in the tax code declares the transfer void.
20 Other courts have reached this conclusion in the face of similar
21 third-party challenges to actions that may violate the tax code.
22 Elliot v. Mortg. Elec. Registration Sys., Inc., No. 12-cv-4370
23 YGR, 2013 WL 1820904 *3 (N.D. Cal. Apr. 30, 2013) ("[T]he alleged
24 breach [of the PSA] seems to affect only the trust's ability to
25 claim a certain tax status, a matter wholly irrelevant to
26 Plaintiffs' claims."); Williams v. GMAC Mortgage, Inc., No. 13
27 Civ. 4315(JPO), 2014 WL 2560605 (S.D.N.Y. June 6, 2014) ("While
28 transferring a note to the REMIC might have negative tax

consequences for the REMIC investors, Plaintiffs have not argued any reason why such a transfer would be 'meaningless and legally unenforceable.'"); see also Meixner, 2016 WL 3277262 (applying Rajamin in the REMIC context after noting the Tax Code argument). Furthermore, Plaintiffs have not provided any authority suggesting that the tax code confers a private right of action. For these reasons, this Court finds that Rajamin applies and Plaintiffs' cause of action for declaratory relief will be dismissed without leave to amend. Although district courts should grant leave to amend even if no request was made, it need not do so where the pleadings could not be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### 2. The Remaining Counts

Plaintiffs' claims for violations of California's Unfair Competition Law, intentional infliction of emotional distress, and interference with prospective advantage (Counts 7, 8, & 9) all fail with respect to Chase. The only wrongdoing alleged against Chase is the late transfer, which has no causal connection to Plaintiffs' alleged injuries.

Plaintiffs' final cause of action seeks to prove or establish the promissory note that Plaintiffs believe they signed but do not have a copy. FAC at ¶¶ 115–121. Chase is not a necessary party to establish the Note. Chase does not claim any right or interest in the Note, nor is it alleged that Chase has such an interest. Insofar as Plaintiffs believed their claim for Declaratory Relief would result in a judicial declaration that Chase's assignment of the Deed of Trust and Note are void, thus

making Chase an interested party once again, the Court's dismissal of the Declaratory Relief claim settles the matter. While Plaintiffs may later need evidence from Chase in order to establish that the promissory note was lost, the establishment of the lost note would affect the rights and interests of the other defendants, not Chase.

Chase has no right or interest in the subject of this litigation. Chase has not committed any wrong that Plaintiffs have standing to challenge. Plaintiffs have already amended the complaint once and any further attempt to amend to state a claim against Chase is futile. See Lopez, 203 F.3d at 1127.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Chase's Motion to Dismiss with prejudice:

IT IS SO ORDERED.

Dated:   November 22, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE